UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JILL MILLER                                             CIVIL ACTION

versus                                                  NO. 08-1234

JOHNNIE JONES, WARDEN,                                  SECTION: "F" (1)
LOUISIANA CORRECTIONAL
INSTITUTE FOR WOMEN

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Jill Miller, is a state prisoner incarcerated at the Louisiana Correctional Institute for Women, St. Gabriel, Louisiana. On November 4, 1999, she was convicted of second degree murder in violation of Louisiana law.[2] On January 3, 2000, she was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[3] The Louisiana First Circuit Court of Appealed affirmed that conviction and sentence on December 22, 2000,[4] and the Louisiana Supreme Court denied a related writ application on November 16, 2001.[5]

Petitioner, through counsel, filed with the state district court an application for post-conviction relief on August 16, 2002,[6] a supplemental application on October 2, 2002,[7] a second supplemental application on August 4, 2003,[8] a third supplemental application on May 24, 2004,[9] and a "final brief" on May 26, 2005.[10] The state district court denied post-conviction relief on

---

[2] State Rec., Vol. I of III, minute entry dated November 4, 1999.

[3] State Rec., Vol. II of III, transcript of January 3, 2000; State Rec., Vol. I of III, minute entry dated January 3, 2000.

[4] State v. Miller, No. 00 KA 0815 (La. App. 1st Cir. Dec. 22, 2000) (unpublished); State Rec., Vol. I of III.

[5] State ex rel. Miller v. State, 802 So.2d 624 (La. 2001) (No. 2001-KH-0393); State Rec., Vol. I of III.

[6] State Rec., Vol. I of III.

[7] State Rec., Vol. II of III.

[8] State Rec., Vol. II of III.

[9] State Rec., Vol. III of III.

[10] State Rec., Vol. II of III.

November 16, 2005.[11]  Petitioner's related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on June 13, 2006,[12] and the Louisiana Supreme Court on April 20, 2007.[13]

On March 10, 2008, petitioner, through counsel, filed the instant federal application for *habeas corpus* relief.  In support of her application, petitioner asserts the following claims:

1. Petitioner was denied her right to due process when the prosecution improperly withheld original and edited police reports, later revised, containing both exculpatory and impeachment evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963);

2. Petitioner was denied her right to due process when law enforcement intentionally destroyed or otherwise made unavailable physical evidence, both exculpatory and impeachment, also in violation of Brady; and

3. Petitioner was denied her right to effective assistance of counsel.

---

[11]  Rec. Doc. 1, Exhibit 5 (Order dated November 16, 2005); see also State Rec., Vol. II of III, transcript of October 25, 2005.

[12] State v. Miller, No. 2006 KW 0482 (La. App. 1st Cir. June 13, 2006) (unpublished); State Rec., Vol. III of III.

[13] State v. Miller, 954 So.2d 150 (La. 2007) (No. 2006-KP-1708); State Rec., Vol. II of III.

- 3 -

Without elaboration or explanation, petitioner's counsel argues that the instant application is timely filed.  The state disagrees, arguing that, pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner had only one year from the date on which her conviction became final to seek federal *habeas corpus* relief and that she failed to meet that deadline.  Petitioner's counsel has not disputed the state's contention that § 2244(d)(1)(A) is applicable in this case.

Section 2244(d)(1)(A) provides that a state conviction is considered "final" upon the expiration of time for seeking direct review.  As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on November 16, 2001.  Therefore, her conviction became "final" for federal purposes ninety (90) days later, i.e. on February 14, 2002, when her period expired for seeking a writ of certiorari from the United States Supreme Court.  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).  Accordingly, under § 2244(d)(1)(A), petitioner's period for seeking federal *habeas corpus* relief commenced on that date and expired on February 14, 2003, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).

In the instant case, one hundred eighty-two (182) days of the federal limitations period elapsed prior to being tolled by the filing of the state post-conviction application on August

– 4 –

16, 2002. Although that application was denied, tolling continued uninterrupted through the appellate process, so long as appellate review was sought in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004). Assuming that petitioner's related writ applications were timely filed,[14] the Court finds that tolling continued in this case until the Louisiana Supreme Court denied relief on April 20, 2007.[15] When the statute of limitations resumed running at that point, one hundred eighty-three (183) days of her limitations period remained, meaning that her federal limitations period expired on October 22, 2007,[16] unless that deadline was again extended by additional tolling.

Petitioner had no state applications pending at any time during the period from April 21, 2007, through October 22, 2007. Accordingly, she clearly was not entitled to further statutory tolling.

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling

---

[14] The state does not argue and the state court records do not establish that the appellate filings were untimely.

[15] A petitioner receives no tolling credit for the period during which she could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 127 S.Ct. 1079, 1083 (2007); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999).

[16] The one-hundred-eighty-third day fell on October 20, 2007. Because that day was a Saturday, the limitations period was extended through the following Monday. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has brought forth no evidence demonstrating that she is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, her federal application for *habeas corpus* relief challenging this conviction had to be filed on or before October 22, 2007, in order to be timely. Petitioner's federal application was not filed until March 10, 2008, and it is therefore untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Jill Miller be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-eighth day of July, 2008.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**SALLY SHUSHAN**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**